OPINION
Dallas Estes appeals from the denial of his petition for post-conviction relief, asserting error as follows:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT DENIED APPELLANT'S PETITION FOR POST CONVICTION RELIEF BASED ON THE FINDING THAT THE PETITION WAS NOT TIMELY FILED.
The petition was filed beyond the time limit prescribed by R.C.2953.21(A) and beyond the one-year time limit from the effective date of the legislation September 21, 1995, amending R.C. 2953.21 et seq. 3, Am.Sub.S.B. 4. It was also Estes' second petition for post-conviction relief. Thus, Estes acknowledges the petition had to satisfy the requirements of R.C. 2953.23(A):
 (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
This appeal implicates subsections (A)(1)(a) and (A)(2).
Estes was found guilty of rape and felonious sexual penetration after a trial by jury and sentenced May 5, 1995. Unless Estes could avail himself of R.C. 2953.23(A), he had until September 21, 1996, to file his petition. The transcript of the trial was filed with the court of appeals September 18, 1995. Estes' petition, as is pertinent to this appeal, asserted that the alleged victim had lied at trial about having been penetrated by Estes. He attached the affidavit of Leann Schuyler-Mahan, a prosecution witness who was Estes' second cousin and a close friend of Estes' sister, who had been with the victim during the early morning on which the alleged offenses occurred. In essence, Schuyler-Mahan stated that she spoke with the victim immediately after the incident and that the victim, in effect, told her there had been no digital or penile penetration. Schuyler-Mahan said she had "only recently seen the trial transcripts as to what (the victim) testified to, and many crucial parts of her testimony are not true."
In denying the petition for post-conviction relief, the trial court limited itself to whether Estes was "unavoidably prevented from discovery of the facts upon which (he) must rely to present the claim for relief." R.C. 2923.53(A)(1)(a). The trial court reasoned as follows:
 Defendant argues that he meets the condition of subsection (1)(a) in that he was unable to discover the facts upon which he relies to present his claim. He contends that the only other witness to the events upon which he was charged, Leann Schuyler, only just recently gained access to the trial transcript and "has only just now seen that [the victim], the complainant, did not tell the truth in her testimony." An affidavit from Leann Schuyler is attached to the petition.
 The State argues, and the Court agrees, that the Defendant has not present (sic) sufficient justification for his untimely petition. The trial transcript from Defendant's trial was filed with this Court and with the Court of Appeals on September 18, 1995. That transcript was relied upon heavily by the Defendant in his direct appeal and it can be safely presumed that he was well acquainted with its contents. The Defendant was also present both during the victim's testimony and when Ms. Schuyler, a second cousin of the Defendant, testified for the State. He surely was aware of any alleged inconsistencies in their testimony. The Defendant was in possession of the trial transcript and could have shared it with his cousin, Ms. Schuyler, at any time. He presents no excuse or justification for why he did not or could not do so. On these facts, the Court finds that the Defendant has failed to satisfy the statutory requirements of R.C. 2953.23(A)(1) and his petition must be dismissed.
In attempting to establish that he had been unavoidably prevented from discovering the facts essential to post-conviction relief, Estes had stated in his memorandum in support of the petition:
 In this case, the defendant was unable to discover the facts upon which he relies to present this claim. As shown in the attached affidavit, the only other witness who was present that night has only just recently gained access to the trial transcripts, and she has only just now seen that [the victim], the complainant, did not tell the truth in her testimony. Thus, the defendant was "unavoidably prevented from discovery of the facts upon which [he] must rely to present the claim for relief."
What is missing from this argument is any explanation as to why, having been in possession of the trial transcript — either personally or by counsel — for more than a year before the time limit expired, he didn't present Schuyler-Mahan with the transcript — or otherwise contact her — to determine whether the victim had testified truthfully at trial.
On appeal, Estes contends for the first time that during the pendency of appeal, which concluded May 31, 1996 (Montgomery App. No. 15419), it is likely that his counsel, not Estes himself, had possession of the trial transcript, that during the pendency of the appeal his focus was on the appeal (and presumably not post-conviction relief), and that his incarceration made it difficult to communicate with Schuyler-Mahan.
Even if these arguments had been advanced in the trial court, we believe they should have not changed the result. The time limits recently placed by the legislature on petitions for post-conviction relief make clear that direct appeals and petitions for post-conviction relief shall proceed simultaneously on parallel tracks. Thus, Estes' contentions that he was focused on his direct appeal and that his counsel likely was in possession of the transcripts are unavailing. Nor is it conceivable that because of his incarceration, Estes was unavoidably prevented from contacting Schuyler-Mahan, directly or through counsel, with or without the transcript. (Estes having sat through the trial, and knowing what the victim's testimony had been, we question the importance of Estes' having the transcript to obtaining an affidavit from Schuyler-Mahan). In any event, none of Estes' arguments explain the delay of over 31/2 years between the conclusion of Estes' direct appeal and the filing of his petition on February 3, 2000.
We have reviewed the trial testimony of the victim and of Schuyler-Mahan. Schuyler-Mahan's trial testimony was corroborative of the victim's testimony, and Estes, who sat through the trial, must have known this. Although the trial court was too charitable to say so, it is fairly inferable that herein lies the reason Estes didn't contact Schuyler-Martin sooner, not that he was unavoidably prevented from doing so.
We also agree with the State that even had the victim been untruthful at trial, that alone does not amount to constitutional error, see subsection (A)(2), although it might afford a basis for a new trial.
Furthermore, and purely by way of dicta, given the material discrepancies between Schuyler-Martin's affidavit and trial testimony, her friendship with Estes' sister as she acknowledged at trial, and the passage of time since Estes was sentenced and the petition was filed, the trial court would have properly viewed with skepticism Schuyler-Mahan's affidavit. See State v. Calhoun (1999), 86 Ohio St.3d 279.
The petition was properly denied. The assignment of error is overruled. The judgment will be affirmed.
 _________________ WOLFF, P. J.
FAIN, J. and YOUNG, J., concur.